Burton v. Power.

---

### [380]   BURTON v. POWER.

Where terms are imposed upon granting a continuance, the party has his election to accept the continuance or not. If he reject it and go to trial, he may, after having moved the court below for a new trial, assign the imposition of the "terms" as error.

Whether, after final judgment, a party is entitled to assign as error the imposition of "terms" which he accepted upon any interlocutory order, *quere*.

Error from Houston.

*Thomas J. Jennings*, for plaintiff in error.

LIPSCOMB, J. In this case a suit is now pending in the District Court of Houston county, in which the defendant in error is plaintiff and the plaintiff in error and another are defendants. The defendants applied for a continuance, which was granted on the condition of the defendants paying all costs, and an execution was ordered to issue for the costs. The defendant Burton then obtained a mandate for a writ of error to bring up the decision, order, or decree, for the payment of the cost, and that execution should issue for the same to this court for revision. This court cannot take cognizance of an order of the kind made in this case. Continuances, on such terms as the court may think just to impose, are common; and whatever the terms may be, the party on which they are imposed has his election to take the continuance upon the terms imposed or to reject it and go to trial; and if he does so, and the verdict is against him, and he believes the court erred in ruling him to trial when he had shown a good cause for a continuance, he can have the judgment of the court overruling his motion for a continuance revised on error or appeal, after moving the court below for a new trial on the ground of his being ruled to trial against [381] his showing for a continuance. He cannot, however, have

any order for the payment of costs or any other interlocutory order revised until after final judgment in the case. The district judge who granted the mandate for a writ of error had overlooked the fact that the act of 1846 that gave him authority to issue such mandates was repealed by the act of 1848. The writ of error is therefore dismissed.

Judgment accordingly.